# UNITED STATES DISTRICT COURT

Eastern _____ District of _____ Michigan

UNITED STATES OF AMERICA

v.   Alan Graves
_Defendant_

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 13-20826
13-30711

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☐ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____
_____

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☑ a preponderance of the evidence that

_____
_____
_____
_____
_____

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

11/14/13
_Date_

_Signature of Judge_

U.S. Magistrate Judge Mona K. Majzoub
_Name and Title of Judge_

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 et seq.); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Alan Graves Order of Detention

This is a presumption case.

Defendant is a 45 year old father of four who is either separated from his wife, or divorced and remarried to his ex-wife, who lives at 18231 Avon in the City of Detroit. For the past year Defendant has been residing at 445 Jefferson Street in Marion, Ohio. Defendant frequents the Detroit area and FBI surveillance has disclosed that when he comes to Detroit he often stays at the Avon address. In fact a DTE bill in Defendant's name was found at the Avon premises by agents during a search. Defendant claims that he is self employed on a full time basis in a landscaping business and earns $3000 a month, but neither the business nor Defendant's employment with the business could be verified.

Defendant is charged in a three count Indictment with 1) Possess with Intent to Distribute Controlled Substances, 2) Felon in Possession of a Firearm, and 3) Possession of Firearms in Furtherance of a Drug Trafficking Crime.

During his Pretrial Services interview, Defendant denied ever having been arrested or convicted of any criminal activity. His NCIC criminal record check and his Michigan Department of Corrections records, along with local records, reflect otherwise. Defendant was convicted of Felony Weapons and Carrying a Concealed Weapon on March 5, 1987. Defendant adamantly denied that this conviction was his own, and stated that his friend, Demetrice L. Pickett, used his name as an alias, and that the 1987 conviction was that of Demetrice L. Pickett. Defendant represented to the Court that he could not be charged with Felon in Possession as he was not a felon, and had no felony charges or convictions on his record.

No less than 13 alias names are associated with Defendant. When those alias names were reviewed for criminal record checks, 17 felony arrests and convictions were revealed. Because there was no way to confirm with any degree of certainty which, if any, of those convictions were specifically attributable to this Defendant, the Court adjourned the hearing to give the parties sufficient time to retrieve the various criminal arrest records, including finger prints, and compare those finger prints with the finger prints of the Defendant, which were taken when he was recently arrested in the instant case. Defendant, in open court, welcomed the opportunity for the Government to further review the fingerprints against the arrests and convictions and then went so far as to represent that 1) none of the finger prints on the previous convictions will be identified with Defendant, 2) that Defendant's statement that he has no felony record whatsoever will be borne out, and 3) that he did not have a gun when the agents entered the home on Avon, but that he was holding an electric drill.

Defendant, then, sua sponte, offered to take a polygraph test before returning to Court for the completion of the Detention hearing. The Court then adjourned, awaiting the polygraph testing results, and the finger print analysis of the criminal record for purposes of unequivocally determining which arrests and convictions are attributable to Defendant.

In fact, that criminal records review disclosed that Defendant was indeed convicted on March 5, 1987 of Felony Weapons, Carrying a Concealed Weapon, contrary to his statement in open Court. It also revealed multiple additional Michigan arrests and some additional convictions of this Defendant, contrary to Defendant's assertions.

Defendant is alleged to be part of a large drug trafficking organization involving 20 - 25 members and 30 - 40 buyers. Defendant has been under FBI surveillance both in Ohio and Michigan for two years. Although he does not have a valid driver's license or verifiable employment, he is known to drive a Mercedes, a Saab and a Cadillac. On November 1, 2013 a search warrant was executed at the Avon address in Detroit by FBI agents and task force officers.

Testimony from two agents involved in that search established that entry into the house had to be forced and the door rammed after the agents announced "Police...Search Warrant" with no immediate response. Upon entry, a woman (Defendant's ex-wife/wife) was immediately escorted out of the home as Defendant was seen in a hallway holding a silver weapon. Defendant ignored commands to put the gun down and surrender, and instead retreated to a back bedroom. Defendant was ordered to come out. In the same back bedroom a loaded handgun with ten live rounds was seized, along with five other weapons, and 24 grams of crack cocaine were retrieved from the ceiling of the same room. The woman stated that none of what was seized belonged to her, that it all belonged to the Defendant.

The agent admonished the Defendant and told him that it wasn't too smart to brandish a loaded firearm in the presence of law enforcement. Defendant replied that he was in fear and afraid of being robbed, implying that he had the gun for protection. A little later the Defendant asked the agent why he was being arrested. The agent told him it was because he had drugs and guns. Defendant then stated, "I don't f___ with crack....I f___ with guns, that's what I do...I buy guns. I keep them in boxes, they're all new; five handguns a shotgun and a rifle. None of them have ever been used". Notwithstanding Defendant's assertions, Government Exh. # 4 is a picture of Defendant holding a handgun following a controlled drug buy at his house in Marion, Ohio on 9/30/13.

Defendant argues for a bond with conditions. He states that he could either live in his rented home in Marion, Ohio, or in Detroit at the Avon address. He states that he and his ex-wife have remarried, so that they are again husband and wife. He states that he owns a landscaping business, Alan Graves Landscaping, and that he has certificates in both auto mechanics and building maintenance, and that he makes his living in these trades.

Defendant has a difficult time telling the truth. At the time of his Pretrial Services interview, he told the PTS officer that he had no criminal history whatsoever, no arrests and no convictions. At the initial detention hearing, Defendant stated unequivocally that he has no prior felony record, and that the 1987 conviction was that of his friend, Demetrice L. Pickett. He then conceded that perhaps one or two of the other arrests and convictions may be his own. Then at the continued hearing, he changed his position and stated that 1987 was a long time ago, that he thought he was convicted as a juvenile, and that's why he took the position that he had no felony convictions on his record. In fact, Defendant was 18 years old when he was arrested and convicted of the Felony Weapons, CCW charges in 1987.

At the initial detention hearing, Defendant argued that he was not holding a gun when the agents entered the home at 18231 Avon in Detroit, but that he was holding a power drill. Without being asked, he offered to take a polygraph test to address this issue. Defendant submitted to the polygraph test that he requested, and failed the polygraph test when he denied that he had a weapon in his hand when the police first entered the house and when he again denied that he was holding a weapon when the police first entered the house.

Pretrial Services has concluded that Defendant poses a risk of flight because he resides in Ohio, reports no residential property, his employment was unverifiable, and he has no financial ties to this district. His use of 17 alias names and his history of false identifications, and the fact that he was untruthful during his interview when he reported no past criminal contacts, also attest to his lack of good character and establish that he is untrustworthy. The testimony of two agents contradicted Defendant's testimony on the issue of whether he had a weapon in his hand when they entered the Avon residence during the November 1, 2013 search, and established that contrary to Defendant's assertion, that he is indeed a convicted felon. And finally, the polygraph test established that Defendant responded to the questions put to him in a deceptive manner.

Pretrial Services also concluded that Defendant poses a risk of danger to the community based upon the nature and circumstances of the instant charges, which involve drugs and guns, and Defendant's history of weapons use.

This Court agrees and finds that a preponderance of the evidence establishes that Defendant poses a risk of flight, and that there is clear and convincing evidence that Defendant poses a danger to the community.

Furthermore, the presumption of detention has not been rebutted based upon this record.

There is no condition or combination of conditions that would assure Defendant's appearance in this Court or the safety of the community. Therefore Detention is Ordered.